UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBABRATA SAHA, Ph.D., )
)
Plaintiff, )
)
v. ) C.A. NO. 1:08-00087 RCL
)
GEORGE WASHINGTON UNIVERSITY, et al. )
)
Defendants. )
)

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff Debabrata Saha's ("Saha") motion for preliminary injunction should be denied because he cannot establish any of the four required elements:

\*   His complaint has little likelihood of success on the merits, as established by the motion to dismiss filed on February 20, 2008 by Defendants The George Washington University ("University"), Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner and Stephen Joel Trachtenberg,

\*   According to his motion, the only harm Saha seeks to avoid – not being paid following the termination of his employment – is purely monetary and thus not irreparable.

\*   Requiring the University to resume paying Saha his salary retroactive to the March 1, 2007 revocation of his tenure and termination of his employment would substantially harm the University, because it likely would be unable to recover that money should it prevail in this lawsuit. Such an injunction also would send the unfortunate message to the University community that a professor whose tenure was properly revoked after being unanimously found by two faculty review panels to have persistently neglected his professional responsibilities can obtain retroactive and continued payment by filing suit.

\*   Such an injunction is not in the public interest.

Ellipso, Inc. v. Mann, 480 F.3d 1153, 1157 (D.C. Cir. 2007) (reciting the four requisites for a preliminary injunction).

In his motion, Saha seeks a preliminary injunction ordering the University to "reinstate Plaintiff's salary retroactively effective March 1, 2007 and restrain [the University] from making any attempt to stop paying salary to the Plaintiff till [sic] a Court decision is reached." Saha Motion at 1.[1] As set forth below, the motion should be denied.

## ARGUMENT

## SAHA HAS FAILED TO SHOW THAT HE IS ENTITLED TO A PRELIMINARY INJUNCTION

"'[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" Washington v. District of Columbia, 2008 U.S. Dist. LEXIS 1823 (D.D.C. Jan. 11, 2008) (citing Mazurek v.

---

[1] In a Praecipe filed on February 21, 2008, Defendants advised the Court that they had not been served with Saha's January 16 motion. That statement remains true as to Defendants The George Washington University and Della Torre. But in the course of preparing this Opposition, undersigned counsel was advised of a strange discovery Monday afternoon by in-house counsel for the University. Buried among the exhibits to the complaints that were served upon Defendants Zaghloul, Wasylkiwskyj, Schaffner and Trachtenberg was a copy of Saha's January 16, 2008 motion for a preliminary injunction. The three-page motion plus one-page draft order were bound toward the back of the half-inch set of materials containing the complaint and exhibits. The University's in-house counsel had reviewed the spiral-bound set of complaint-with-exhibits that had been served upon the University; that set did not include the motion. The spiral-bound set served on each of the five individual defendants and forwarded to the University's in-house counsel looked identical to the University's set. The first page of each set is the caption of the case. The second page bears the title "Complaint," with no reference to any motion for injunction. Each set ends with a Plaintiff Exhibit J and two blank pages at the back. As a result, there was no reason to think that any Defendants' set of papers contained anything more than the University's motion-less set (indeed, Della Torre's set, like the University's, did not contain the motion).

For the record, counsel for defendants Zaghloul, Wasylkiwskyj, Schaffner and Trachtenberg hereby acknowledges that the bound set of papers served upon each of them did contain a copy of Saha's motion. As explained above, the University's in-house counsel and undersigned counsel were unaware of this when Defendants filed their Praecipe. Given the circumstances – that the University's and Della Torre's sets did not contain the motion, that the copy of the motion included in the other defendants' sets was untabbed and stuck among a series of exhibits; that the process server himself apparently was unaware that the papers being served on four of the six defendants included such a motion, because the original affidavits of service made no reference to the motion -- counsel submits that the oversight, albeit regrettable, is understandable. Furthermore, the oversight has not impaired the orderly administration of this case. The University and Della Torre still have never been served with the motion, yet they, along with the other defendants, are filing this opposition.

Armstrong, 520 U.S. 968, 972 (1997)). As set forth below, Saha falls far short of carrying that burden, as he cannot satisfy any of the four requisites for a preliminary injunction.

The backdrop against which Saha's motion should be assessed is set forth fully in the memorandum of points and authorities in support of Defendants' motion to dismiss, filed February 20, 2008 and incorporated herein by reference ("Memorandum"). Defendants will cite to rather than repeat that analysis here.

### I.  SAHA CANNOT DEMONSTRATE "SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS"

Saha cannot show a "substantial likelihood" of succeeding on the merits of his complaint. As Defendants have explained in detail in their Memorandum, the complaint should be dismissed because none of Saha's allegations states a claim. Memorandum at 7-15. In addition, some of his allegations are barred by the statute of limitations, Memorandum at 8-9, and some repeat claims made in Saha v. Lehman et al., C.A. No. 06-1493 (RCL), Memorandum at 9-10; Farris v. Rice, 453 F. Supp. 2d 76, 78 (D. D.C. 2006) (if Plaintiff cannot show "substantial indication" of likely success on merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review") (quoting Am. Bankers Ass'n v. Nat'l Credit Union Admin., 38 F. Supp. 2d 114, 140 (D. D.C. 1999)).

Defendants' motion to dismiss establishes that Saha falls far short of "substantial likelihood" of success on the merits. See, e.g., Katz v. Georgetown University, 246 F.3d 685, 688 (D.D.C. 2001) ("although we apply a four-factor test in weighing a request for a preliminary injunction, such relief never will be granted unless a claimant can demonstrate 'a fair ground for litigation'") (citing Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977)). On that basis alone, Saha's motion for a preliminary injunction should be denied.

## II. SAHA CANNOT DEMONSTRATE THAT HE WILL SUFFER IRREPARABLE HARM ABSENT THE INJUNCTION

Saha's motion seeks only monetary relief – retroactive reinstatement of his salary. Saha Motion at 1. This is precisely the type of relief that courts have found <u>not</u> to be an "irreparable injury" justifying the issuance of a preliminary injunction. In <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974), the Supreme Court reversed the D.C. Circuit's affirmance of a District Court injunction forbidding the removal of a federal employee from her job pending determination of the employee's administrative appeal. The Supreme Court did so in part based upon its determination that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." The Court quoted from <u>Virginia Petroleum Jobbers Assn. v. FPC</u>, 259 F.2d 921, 925 (D.C. Cir. 1958):

> The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

(emphasis in original). See also <u>Davenport v. Int'l Bhd. of Teamsters, AFL-CIO</u>, 166 F.3d 356, 367 (D.C. Cir. 1999) (injury not irreparable if remediable by money damages); <u>Int'l Ass'n of Machinists & Aero. Workers v. 2 Nat'l Mediation Bd.</u>, 374 F. Supp. 2d 135, 142 (D.D.C. 2005) ("a loss of income does not constitute irreparable injury because the financial loss can be remedied with money damages")(citing <u>Sampson</u>, 415 U.S. at 90; <u>Davenport</u>, 166 F.3d at 367). In this case, "adequate compensatory . . . relief will be available at a later date, in the ordinary course of litigation," should Saha prevail on the merits. <u>Sampson</u>, 415 U.S. at 90. Moreover, Saha alleges only a general financial hardship, and does not assert that he is incapable of finding other employment. See <u>Farris</u>, 453 F. Supp. at 80 (mere loss of job and salary insufficient to establish irreparable injury).

Because Saha has failed to assert any judicially-cognizable irreparable harm, this Court "need not consider the remaining factors for issuance of a preliminary injunction." Id. at 78 (citing CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995)).

### III.  REQUIRING REINSTATEMENT OF SAHA'S SALARY WOULD HARM THE UNIVERSITY

Requiring the University to resume paying Saha retroactively from the March 1, 2007 termination of his employment would "substantially harm" the University, because as a practical matter the University would be unable to recover these funds should (as Defendants' motion to dismiss suggests is likely) Saha lose his case. See Webb v. Board of Trustees of Ball State, 167 F.2d 1146, 1149 (7th Cir. 1999) (affirming denial of preliminary injunction where, *inter alia*, injunction would have required university to "disburse salary that cannot be recouped; but waiting until the end of the case has low costs for the employee, because back pay and damages are available to compensate for any loss while the case proceed," citing Sampson).  Furthermore, the University already has been more than fair to Saha by paying him in full throughout the 18 months from his final suspension until his termination (from August 26, 2005 to February 28, 2007).  Affidavit of Barbara Marshall, Ex. 1.  But the harm to the University would go beyond the loss of hard dollars. The University community would see a former professor whose tenure was revoked for persistent neglect of his professional responsibilities seemingly rewarded for the filing of a lawsuit.

### IV.  AN INJUNCTION IS NOT IN THE PUBLIC INTEREST

Saha gives no reason why an injunction requiring reinstatement of his salary after having been terminated is in the public interest.  It is not.  See, e.g., Coleman-Adebayo v. Leavitt, 326 F. Supp.2d 132, 144 (D.D.C. 2004) (public interest would not be served by "allowing a likely unsuccessful plaintiff" to continue to draw salary while not working).

## CONCLUSION

For the foregoing reasons, Defendants The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner and Stephen Joel Trachtenberg respectfully request that this Court deny Plaintiff Debabrata Saha's motion for preliminary injunctive relief.

Respectfully submitted,

_____
Douglas B. Mishkin, DC Bar #338590
Pamela S. Richardson, DC Bar #500564
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6482

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2008 a true and correct copy of the foregoing Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunctive Relief was sent by regular mail, postage prepaid to the following:

> Debabrata Saha
> 9409 Fairpine Lane
> Great Falls, VA 22066
>
> Plaintiff appearing *pro se*

_____
Douglas B. Mishkin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBABRATA SAHA, Ph.D., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGE WASHINGTON UNIVERSITY, et al. ) <br> ) <br> Defendants. ) <br> ) | C.A. NO. 08-00087 RCL |

### DECLARATION OF BARBARA MARSHALL

1. My name is Barbara Marshall.

2. I am competent and authorized to execute this declaration, which I do upon personal knowledge.

3. I am employed by The George Washington University (the "University") as the Director of Faculty Personnel.

4. Based upon my review of the relevant documents, I can state that the University continued to pay Plaintiff Debabrata Saha's salary (and continued all of his fringe benefits for which he was eligible to receive) from his suspension on August 26, 2005 up to February 28, 2007 (Dr. Saha's employment was terminated effective on March 1, 2007).

I HEREBY CERTIFY under penalty of perjury that the foregoing is true and correct.

*Barbara Marshall* (signature)

Barbara Marshall
Date: 2/26/08

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBABRATA SAHA, Ph.D.,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE WASHINGTON UNIVERSITY, et al.<br><br>Defendants. | C.A. NO. 1:08-00087 RCL |

## ORDER

Upon consideration of Plaintiff Debabrata Saha's motion for preliminary injunction and the opposition of Defendants The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner and Stephen Joel Trachtenberg, it is, by the Court, this ___ day of ____, 2008 hereby

ORDERED, that Plaintiff's motion for preliminary injunction be and is DENIED.

_____
United States District Judge

cc:

Debabrata Saha, *pro se*
Douglas B. Mishkin, Esq.