# United States District Court
# For The District of Columbia

---

**Debabrata Saha,**

**Plaintiff,**

**v.**

**Civil Action No. 1:08-cv-00087-RCL**

**The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg**

**Defendants.**

---

**Motion for entering Preliminary Injunction :** The Plaintiff Debabrata Saha hereby moves that the court enters **Preliminary Injunction** ordering GWU to reinstate Plaintiff's salary immediately and retroactively effective March 1st, 2007 and to restrain from making any attempt to stop paying salary to the Plaintiff until further order from the court.

## Supporting Arguments :

1. Defendants' complaint through LINE dated Feb. 21, 2008 that they were not served the motion for Preliminary Injunction, dated Jan. 16, 2008 is INCORRECT. Affidavits in Docket 5, 6 and Docket 7 (Refer to enclosed Docket List) confirm that INDEED the Defendants were served the motion for Preliminary Injunction, dated Jan. 16, 2008 on Jan. 31st and Feb.2nd respectively. Rule LCvR65.1(c) mandates "The opposition shall be served and filed within five days after service of the application for preliminary injunction, ....". Five days have long been gone since Feb. 2nd, and, therefore, Defendants' proposed opposition on or before Feb. 27, 2008 has no legal merit. Therefore, at this time, Motion for entering Preliminary Injunction is very much justified and warranted.

2. To stop Plaintiff's pay cheque, Defendants relied on a letter (Document 9-5) from John F. Williams, Jr.; the letter lacks all common sense and legal merits (Refer to Affidavit 1&2). Defendant GWU clearly violated the faculty code and ruthlessly breached the employment contract. Further revelation on this letter is warranted through Discovery to determine the nature of conducts GWU had been engaged in.

RECEIVED

FEB 27 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. The Plaintiff has reasonable likelihood in prevailing on merits. Based on merit of the case, amongst oppositions from GWU administration, GWU Faculty Senate, on January 3, 2008, instituted a Formal Grievance Procedure against The George Washington University and its Execut. VP Donald R. Lehman (Refer to Plaintiff Exhibit K for details). Completion of the Grievance may take months or even a year.

4. The Plaintiff has already been harmed considerably (Refer to Affidavit 3) and **irreparable harm will come if he has to wait till a final court decision** to get his legitimate pay cheques. On the other hand, Defendant **GWU will not be harmed at all**. Further arguments supporting the Injunction are detailed in enclosed Affidavit 1, Affidavit 2 and Affidavit 3.

Enclosure : Docket List

Respectfully submitted,

Debabrata Saha
9409 Fairpine Lane
Great Falls, VA-22066
Ph : (703) 757-5418

February 27, 2008

# United States District Court
# For The District of Columbia

---

**Debabrata Saha,**

**Plaintiff,**

**v.**

**Civil Action No. 1:08-cv-00087-RCL**

**The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg**

**Defendants.**

---

## Affidavit #1 : on my contractual status with GWU

I, Debabrata Saha of 9409 Fairpine Lane, Great Falls, VA-22066 do hereby state to my knowledge, information and belief the following.

## My Contractual Status with GWU

- I am a tenured member of GWU faculty since Fall 1993 (Plaintiff exhibit F : tenure notification).
- Tenured faculty member's appointment do not expire.
- As per Nov. 18, 2005 letter of Vice President Donald Lehman, I am on "Paid Suspension until further notice" (Plaintiff Exhibit J).

## Retaliatory Actions of GWU after my Whistle Blowing

- In 1996 I blew whistle on Corrupt Academic Practices that compromised the Integrity of higher learning and fairness to the students. Since then GWU, among many modes of retaliations against me, suspended me four times and each time reinstated me without any apology. Lately in Fall 2005, VP Lehman and Dean Tong initiated a fraudulent process of revocation of my tenure and rigged the process from the beginning to arrange a flawed deliberation from a Faculty Senate Panel (which was later rubber stamped by Senate Dispute Resolution Committee) in favor of revoking my tenure.

- I appealed to GW President Trachtenberg complaining about fraud and rigging in the deliberation process and President Trachtenberg informed me through his December 28, 2006 letter that VP Lehman recused himself after the appeal.
- Tenure designation and termination of service are strictly guided by GWU faculty code (Plaintiff Exhibit B) which forms a part of the contractual agreement of employment with GWU. Relevant sections from page 19-20 are :

> 3. *Appointments and actions of appointments, promotion,* ***tenure designation****, and* ***termination of service*** *shall normally follow faculty recommendations. ....*
> 4. *Faculty recommendations concurred in by the appropriate administrative officers shall be transmitted by them* ***to the President, who shall transmit them to the Board of Trustees****........*

- ***Tenure designation, and termination of service*** : both are treated alike subjected to the approval of Board of Trustees. Plaintiff Saha's ***Tenure designation*** followed this guideline as evidenced in Plaintiff Exhibit F. However, after VP Lehman recused himself, President Trachtenberg in the Spring of 2007 did not send the faculty recommendation (i.e. the Dispute Committee resolution) to the Board of Trustees, and thus the recommendation was not acted upon by the University Authority. The tenure revocation attempt initiated by VP Lehman **fell short of completion** and ***no letter of termination of service was issued*****. Therefore, letter of Appointment and Tenure Notification continue to hold.**

- Therefore, the contractual status of Plaintiff did not change. Plaintiff is on **"Paid Suspension until further notice"** as indicated in the Nov. 18, 2005 letter of Vice President Donald Lehman (Plaintiff Exhibit J).

- But GWU stopped my pay cheque effective March 1st, 2007 without any prior communication.
- **Conclusion :** ***GWU has been failing to maintain its contractual agreement with the Plaintiff since March 1st, 2007 when it stopped Plaintiff's pay cheque.***

Relevant Exhibits : Plaintiff Exhibits B, F, J

Debabrata Saha
DEBABRATA SAHA

Commonwealth of Virginia
County of Fairfax , to wit :

Sworn, subscribed, and acknowledged before me by Debabrata Saha on February 26, 2008.

Peter James Glazer
Notary Public

PETER JAMES GLAZER NOTARY PUBLIC REG # 334630 MY COMMISSION EXPIRES 09/30/2011 COMMONWEALTH OF VIRGINIA

My Commission Expires ______________
Notary Registration No. ______________

# United States District Court
# For The District of Columbia

---

**Debabrata Saha,**

**Plaintiff,**

**v.**

**Civil Action No. 1:08-cv-00087-RCL**

**The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg**

**Defendants.**

---

## Affidavit #2 : on GWU's failure to follow faculty code which is a part of binding contract of employment

I, Debabrata Saha of 9409 Fairpine Lane, Great Falls, VA-22066 do hereby state to my knowledge, information and belief the following.

### A. Regarding Declaration of John F. Williams, Jr. :

I do not have any professional or personal relation with Mr. John F. Williams, Jr. who submitted a Declaration (Re. Document 9-5) as an official of GWU administration; I do not even know him by face. After a review of his Declaration, I came to the conclusion that any relation on my part with this gentleman would only tarnish my moral make up. The reasons are what follows.

(1) As indicated in my Affidavit #1, ***Tenure designation, and termination of service*** , both are treated alike subjected to the approval of Board of Trustees. Mr. Williams is totally ignorant about the importance of the faculty code and do not have any right to write the letter he claimed to have written. His overenthusiasm in giving a hand to his colleague VP Lehman in terminating my service commensurates quite well with his overignorance about the importance of the due process in a contractual agreement. **His signed declaration as University official document represents a violation of the faculty code and a ruthless breach of contract on the part of GWU.**

(2) The letter he claimed to have written does not bear (a) the name of the person who wrote the letter, (b) does not bear any signature, and (c) does not designate the office it originated from.

(3) The letterhead of Williams' letter is quite dissimilar to letterhead of each of the four other letters in Plaintiff Exhibit L. The other four letters originated from Plaintiff's office, office of ECE Chair Korman, Office of VP Lehman and Office of President Trachtenberg. Plaintiff requests the court to consider all the irregularities associated with Williams' letter in determining whether there had been any act of serious fraud and extortion on the part of GWU in addition to obvious breach of contract.

(4) Quite contrary to what Mr. Williams claimed in his declaration, this letter was neither delivered at my residence address nor at my office mail box; I regularly checked my mailbox in my office at the Academic Center till March 15, 2008. GWU has not provided **any proof whatsoever** that even this **Illegitimate** letter was delivered to the plaintiff.

(5) Prof. Saha has been locked out of his office since March 15, 2007. Chair Korman's March 13, 2007 letter (delivered at residence on March 15 after an inquiry with his office), Saha's March 16 response and other sequence of events suggest that Chair Korman did not have a copy of this letter in his possession on March 15. Given that Lehman administration has a track record of manipulating the date of creation of record, it is possible this **Illegitimate** letter was **illicitly** created later to fit the need. Plaintiff demands explanation from GWU on the irregularities associated with this letter and the signed declaration of Mr. Williams. Without any verifiable and truthful explanation, irregularities associated with this letter are extreme in nature and are of immense legal concerns.

## B. Beginning Game : Fraud as Means of Initiating Tenure Revocation

- After suspending Prof. Saha in the beginning of Fall 2005, VP Lehman wrote the letter of complaint dated Sept 16, 2005 to revoke Prof. Saha's tenure. A simple straight forward reading of the complaint shows the impetus of the letter was derived from the faculty report of May 2nd, 2005 meeting.

- In March 6, 2006 hearing, GW administration (Lehman, Tong, Zaghloul) failed to establish that Prof. Saha received the notice of May 2nd meeting. On March 14, 2006 the Hearing Panel deliberated to strike the May 2nd, 2005 meeting and the vote of the faculty at that meeting from the record.

- On March 20,2006 VP Lehman testified on the issue of May 2nd, 2005 meeting; he testified that faculty code allowed him (as an academic official) to initiate the revocation of tenure without the faculty input; May 2nd, 2005 meeting was not significant.
- But President Trachtenberg on April 17, 2006 hearing contradicted Lehman's testimony. Trachtenberg said that Vice President Lehman told him there was an initiative on the part of the SEAS Faculty to revoke Professor Saha's tenure (Plaintiff Exhibit M: Transcript, pp.5-7, Hearing April 17, 2006)

**Conclusion :** Lehman initiated revocation of Saha's tenure through a fraudulent process.

## C. End Game : Fraud as Means of Terminating Service

- As per faculty code, Tenure is awarded only upon approval of Board of Trustees; similarly termination of service can be made effective only after approval of Board of Trustees. President Trachtenberg did not send the Dispute Committee recommendation to the Board of Trustee. So, the tenure revocation attempt fell short of completion and there was no termination of service. Faculty status and teaching assignment during Fall, 2007 and Spring 2008 (Plaintiff Exhibit H ) is a reiteration of the fact that tenure was not revoked.
- Therefore, GW's administrative decision of stopping Plaintiff's pay cheque effective March 1st, 2007 is a violation of faculty code and a breach of employment contract. After staying silent for almost a year without producing any letter of termination, GW on Feb. 20, 2008, for the first time, shade light on the termination of service through the **letter of John F. Williams, Jr.** , which bears no name, no signature, and no affiliation of office. All common sense tells that this letter is a fraudulent attempt on the part of GWU to deceive Prof. Saha. It is a breach of contract.

Relevant Exhibits : Plaintiff Exhibit L, M

Debabrata Saha
DEBABRATA SAHA

Commonwealth of Virginia
County of Fairfax , to wit :
Sworn, subscribed, and acknowledged before me by Debabrata Saha on February 26, 2008.

PETER JAMES GLAZER NOTARY PUBLIC REG # 334630 MY COMMISSION EXPIRES 09/30/2011 COMMONWEALTH OF VIRGINIA

Peter James Glazer
Notary Public

My Commission Expires ____________
Notary Registration No. ____________

**United States District Court**
**For The District of Columbia**

---

**Debabrata Saha,**

**Plaintiff,**

**v.**

**Civil Action No. 1:08-cv-00087-RCL**

**The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg**

**Defendants.**

---

## Affidavit #3 : On financial strangulation by GWU after Plaintiff Saha's 1996 whistle blowing

I, Debabrata Saha of 9409 Fairpine Lane, Great Falls, VA-22066 do hereby state to my knowledge, information and belief the following.

1. In Spring 1996 I exposed GW's corrupt academic practices that compromised the integrity of Higher Learning and fairness to the students.

2. In Spring 1997 GWU President Stephen Joel Trachtenberg declared me as Whistle Blower and gave me many instructions including (a) not to report to EECS Chairwoman Zaghloul and avoid working with VP Donald Lehman, while working directly with the office of Dean Mazzuchi (b) **Stay home in the summer months** which I interpreted as a suggestion for not pursuing consulting during summer months; **I did not pursue consulting for one decade since my one-to-one meeting with President Trachtenberg in 1997; I kept my words.**

3. **To give me a lesson**, Lehman administration officials decided to prescribe two modes of medicines: (a)Intimidation's, written threats of tenure revocation, harassments, ostracism, discrimination and character assassination (they drew parallelism with a mass killer), and (b) financial strangulation : since 1996 Whistle Blowing, over last eleven years, GWU caused enormous financial harm against me through FOUR suspensions and denying any raise in salary. My salary in 2007 remained the same as I had in the beginning of 1996, except for a difference of few hundred dollar. I received a **77%** increase in salary in

**first nine years** of employment (1986-1995) before Whistle Blowing, while received an increase of only **0.59%** in following **eleven** years (1996-2007) after whistle blowing.

4. After 1999 suspension, EECS personnel committee investigated me and found no reason for the suspension; the committee even recommended that I should be paid for those suspended months. But, VP Donald Lehman refused to pay.

5. VP lehman's confession during Schaffner Panel Senate Hearing proved beyond any doubt that Lehman was **disingenuous** in writing the August 29, 2005 suspension letter. As per Nov. 18, 2005 letter of Vice President Donald Lehman, I am on **"Paid Suspension until further notice"** (Plaintiff Exhibit J), **yet GW stopped my pay cheque since March 1st, 2007.**

In addition, GWU continue to harm me by keeping me away from teaching, research and other professional developments though the fraudulent tenure revocation attempt fell short of completion.

6. This is the only job that earns living for my family. During eleven years since 1996 Whistle Blowing, with no raise, four suspensions and no summer job, I had to exhaust all my asset. During these years, our two children grew up from 5&7 to 16&18, and we had to sell our previous home after receiving threats from GWU during Christmas of 1996. Currently, with no pay cheque over almost one year since March 1st, 2007 my financial situation has reached a break point and in the month of February 2008 I failed to pay many Bills including two home mortgage payments. **I have been harmed irreparably and GWU, in an attempt to cover up its Collective Moral Bankruptcy, succeeded in strangling me financially.**

Relevant Exhibit : Plaintiff Exhibit J.

Debabrata Saha
DEBABRATA SAHA

Commonwealth of Virginia
County of Fairfax , to wit :

Sworn, subscribed, and acknowledged before me by Debabrata Saha on February 26, 2008.

Peter James Glaser
Notary Public

PETER JAMES GLASER NOTARY PUBLIC REG # 334630 MY COMMISSION EXPIRES 09/30/2011 COMMONWEALTH OF VIRGINIA

My Commission Expires ____________
Notary Registration No. ____________

# United States District Court
# For The District of Columbia

---

**Debabrata Saha,**

**Plaintiff,**

**v.**

**Civil Action No. 1:08-cv-00087-RCL**

**The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg**

**Defendants.**

---

## Certificate of Service

I hereby certify that a copy of the two Motions, dated February 27, 2008 was sent to each of the six Defendants to their respective address as mentioned in the attached sheet by first class mail.

Sincerely,

Debabrata Saha

Debabrata Saha
February 27, 2008

# Multiple Documents

| Part | Descriptions | Number of pages |
|---|---|---|
| 1 | Main Document (TWO SEPARATE MOTIONS) | 15 |
| 2 | Docket List | 3 |
| 3 | Plaintiff Exhibit F | 1 |
| 4 | Plaintiff Exhibit J | 1 |
| 5 | Plaintiff Exhibit K | 3 |
| 6 | Plaintiff Exhibit L | 5 |
| 7 | Plaintiff Exhibit M | 3 |
| | Total = | 31 |

PROSE-NP, TYPE-D

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:08-cv-00087-RCL

SAHA v. GEORGE WASHINGTON UNIVERSITY et al
Assigned to: Judge Royce C. Lamberth
Demand: $50,000,000
Case: 1:06-cv-01493-RCL
Cause: 28:1346 Breach of Contract

Date Filed: 01/16/2008
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**DEBABRATA SAHA**
*Professor*

represented by **DEBABRATA SAHA**
9409 Fairpine Lane
Great Falls. VA 22066
PRO SE

V.

**Defendant**

**GEORGE WASHINGTON UNIVERSITY**

represented by **Douglas B. Mishkin**
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037-1350
(202) 457-6020
Fax: (202) 457-6482
Email: dmishkin@pattonboggs.com
*LEAD ATTORNEY*

**Defendant**

**MONA E. ZAGHLOUL**
*Individually and in her capacity as (former) Chair, Dept. of Electrical and Computer Engineering*

represented by **Douglas B. Mishkin**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**WASYL WASYLKIWSKYJ**
*Individually and in his capacity as memeber of ECE Personnel Committee*

represented by **Douglas B. Mishkin**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**EDWARD DELLA TORRE**
*Individually and in his capacity as member of ECE Personnel Committee*

represented by **Douglas B. Mishkin**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**JOAN SCHAFFNER**
*Prof. The (SAHA) Panel Chair, ndividually and in her capacity as Panel Chair GWU Law School*

represented by **Douglas B. Mishkin**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**STEPHEN JOEL TRACHTENBERG**
*ndividually and in his capacity as (former) President of the George Washington University*

represented by **Douglas B. Mishkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/16/2008 | 1 | COMPLAINT against GEORGE WASHINGTON UNIVERSITY, MONA E. ZAGHLOUL, WASYL WASYLKIWSKYJ, EDWARD DELLA TORRE, JOAN SCHAFFNER, STEPHEN JOEL TRACHTENBERG, ( Filing fee $ 350, receipt number 4616009622) filed by DEBABRATA SAHA. (Attachments: # 1 Exhibits A - J, # 2 Civil Cover Sheet)(tg, ) Modified to edit parties on 1/17/2008 (tg, ). Modified on 1/31/2008 (lc, ). (Entered: 01/17/2008) |
| 01/16/2008 | 2 | NOTICE OF RELATED CASE by DEBABRATA SAHA. Case related to Case No. 06-1493. (tg, ) (Entered: 01/17/2008) |
| 01/16/2008 | 3 | MOTION for Preliminary Injunction Restraining the George Washington University From Refusing to Pay Salary to the Plaintiff by DEBABRATA SAHA (tg, ) (Entered: 01/17/2008) |
| 01/16/2008 | | Summons (11) Issued as to GEORGE WASHINGTON UNIVERSITY, MONA E. ZAGHLOUL, WASYL WASYLKIWSKYJ, EDWARD DELLA TORRE, JOAN SCHAFFNER, STEPHEN JOEL TRACHTENBERG. (tg, ) Modified on 1/31/2008 (lc, ). (Entered: 01/17/2008) |
| 01/24/2008 | 4 | MOTION for Preliminary Injunction by DEBABRATA SAHA (tg, ) (Entered: 01/24/2008) |
| 02/04/2008 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. GEORGE WASHINGTON UNIVERSITY served on 1/31/2008, answer due 2/20/2008; WASYL WASYLKIWSKYJ served on 1/31/2008, answer due 2/20/2008; STEPHEN JOEL TRACHTENBERG |

| | | |
|---|---|---|
| | | served on 1/31/2008, answer due 2/20/2008 (tg, ) (Entered: 02/05/2008) |
| 02/04/2008 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MONA E. ZAGHLOUL served on 2/2/2008, answer due 2/22/2008; EDWARD DELLA TORRE served on 2/2/2008, answer due 2/22/2008; JOAN SCHAFFNER served on 2/2/2008, answer due 2/22/2008 (tg, ) (Entered: 02/05/2008) |
| 02/04/2008 | | Leave to File Denied. Corrections to Docket. (tg, ) "Leave to file DENIED" "Docket appears to have been corrected" by Judge Royce C. Lamberth. (Entered: 02/05/2008) |
| 02/12/2008 | 7 | Amended AFFIDAVITS of Process Server by DEBABRATA SAHA. (tg, ) (Entered: 02/13/2008) |
| 02/19/2008 | 8 | MOTION for Preliminary Injunction by DEBABRATA SAHA (tg, ) (Entered: 02/20/2008) |
| 02/20/2008 | 9 | MOTION to Dismiss *Complaint* by GEORGE WASHINGTON UNIVERSITY, MONA E. ZAGHLOUL, WASYL WASYLKIWSKYJ, EDWARD DELLA TORRE, JOAN SCHAFFNER, STEPHEN JOEL TRACHTENBERG (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Appendix A)(Mishkin, Douglas) (Entered: 02/20/2008) |
| 02/21/2008 | 10 | NOTICE by GEORGE WASHINGTON UNIVERSITY, MONA E. ZAGHLOUL, WASYL WASYLKIWSKYJ, EDWARD DELLA TORRE, JOAN SCHAFFNER, STEPHEN JOEL TRACHTENBERG re 3 MOTION for Preliminary Injunction (Mishkin, Douglas) (Entered: 02/21/2008) |
| 02/21/2008 | 11 | MOTION for Judgment in Favor of Plaintiff by DEBABRATA SAHA (tg, ) (Entered: 02/22/2008) |

## PACER Service Center

### Transaction Receipt

02/25/2008 18:52:42

| | | | |
|---|---|---|---|
| **PACER Login:** | [redacted] | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cv-00087-RCL |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

**Plaintiff Exhibit F**
**1 page**

VICE PRESIDENT FOR ACADEMIC AFFAIRS

May 22, 1992

Dr. Debabrata Saha
2947 Waterford Court
Vienna, VA 22180

Dear Dr. Saha:

I am pleased to inform you that at its meeting on May 21 the Board of Trustees approved the recommendation of the Department of Electrical Engineering and Computer Science that you be awarded the status of continuous tenure effective with your 1993-94 appointment.

Sincerely,

Roderick S. French
Vice President for Academic Affairs

c: Acting Dean Gilmore

2121 EYE STREET, N.W. • WASHINGTON, D.C. 20052 • (202) 994-6510

THE GEORGE WASHINGTON UNIVERSITY
WASHINGTON DC

Plaintiff Exhibit J
1 page

EXECUTIVE VICE PRESIDENT FOR ACADEMIC AFFAIRS

November 18, 2005

Professor Debabrata Saha
9409 Fair Pine Lane
Great Falls, VA 22066

Dear Professor Saha:

Professor Korman informed me of your November 10, 2005 inquiry regarding your teaching status for the Spring 2006 semester. As I stated in my letter to you dated 29 August, as modified by my letter dated 3 October, you are on paid suspension until further notice.

If you have any questions, please feel free to call me.

Sincerely,

Donald R. Lehman

cc: Professor Korman

THE GEORGE WASHINGTON UNIVERSITY
WASHINGTON DC

**Plaintiff Exhibit K**
3 pages

DEPARTMENT OF ACCOUNTANCY

voice: (202) 994-3955
fax: (202) 994-5164
moerson@gwu.edu

January 30, 2008

Dr. Debabrata Saha
9409 Fairpine Lane
Great Falls, VA 22066
By Fax to (703) 757-5418

Dr. Donald R. Lehman
Executive Vice President for Academic Affairs
The George Washington University
Rice Hall, Suite 813
2121 I Street, NW
Washington, DC 20052
Hand Delivered

Re: Grievance by Dr. Debrabata Saha against The George Washington University

Dear Doctors Saha and Lehman,

I am the Hearing Officer presiding on the three-person Hearing Committee that was appointed to review the Grievance filed by Dr. Saha against The George Washington University. Our appointment is in accord with the George Washington University Faculty Code, which is the source of the substantive and procedural rights pertaining to faculty grievances. We have convened the Hearing Committee and read the documents submitted by the parties, including the following with all of their attachments:

- The original Grievance dated December 6, 2005.
- Dr. Kurt Darr's undated email request that the parties submit more information relevant to the Grievance.
- Dr. Saha's response dated May 10, 2007.
- Attorney Douglas Mishkin's response to the Grievance on behalf of the University, dated April 17, 2007 and annotated May 11, 2007.

Under the procedures specified in the Faculty Code, after affording the parties an opportunity for argument, the Hearing Committee will make a determination whether a hearing is warranted. Therefore, in accordance with the Faculty Code, and to ensure the parties to the Grievance have a sufficient opportunity for argument, we request that the Grievant and Respondent submit written arguments to the Hearing Committee on the following two issues:

1. Does the Grievance "allege facts sufficient to state a Grievance under the Code"?

2. Is the Grievance "based on evidence or allegations substantially the same as those that have previously been heard or decided, or that could have been presented in a previous hearing"?

   *Procedures for the Implementation of the Faculty Code*, Article E, paragraph 4(b)(3), p 27.

The Hearing Committee believes that the best way to assure that the proceedings are fair to both parties, the arguments are relevant, and its consideration of the matter is expeditious, is by requiring that the parties' written arguments conform to specific deadlines and page limits. Therefore, the parties must pay attention to the enclosed *Schedule for Submitting Written Arguments*.

The Hearing Committee's decision will be based only on the documents already received and on written arguments that conform to the enclosed Schedule; however, the Hearing Committee reserves the right to call for oral argument if the Hearing Committee deems it necessary.

Finally, the parties must base their arguments on the standards spelled out in the Faculty Code for determining what constitutes a proper grievance. Such standards are found in several sections of the Faculty Code, and the Hearing Committee wishes to see written arguments referencing those standards where they apply. In particular, the Hearing Committee notes the following provisions of the Faculty Code:

- "A grievance may only be maintained against the University for official acts." *Procedures*, Art. E, paragraph 4(a)(2), p. 25.

- "The Grievance shall set forth with particularity the nature of the dispute, specifying, consistent with Article X. B., the rights or privileges under the Faculty Code alleged to have been violated, the specific act or acts alleged to constitute the violation, and the remedy sought." *Procedures*, Art. E, paragraph 4(a)(3), p. 25.

- "No grievance may be maintained on the basis of error that did not affect the substantial rights of the Grievant." *Procedures*, Art. E, paragraph 4(a)(3), p. 25.

- To maintain a grievance, the complaining party must allege that he or she has suffered a substantial injury resulting from violation of rights or privileges concerning academic freedom, research or other scholarly activities, tenure, promotion, reappointment, dismissal, or sabbatical or other leave, arising from:

    1. Acts of discrimination prohibited by federal or local law;
    2. Failure to comply with the Faculty Code, or Faculty Handbook, or other rules, regulations, and procedures established by the University;
    3. Arbitrary and capricious actions on behalf of the University, or arbitrary and capricious applications of federal or local statutes and regulations; or
    4. Retaliation for exercise of Code-protected rights.

    *Faculty Code*, Article X.B., pp. 16-17.

Dr. Jan Orenstein and Dr. Larry Williams, the other two members of the Hearing Committee, join me in looking forward to your reply.

Sincerely,

Leo Moersen

Leo C. Moersen, J.D., CPA
Associate Professor of Accountancy
and Business Law

enclosure
copy: Dr. Kurt Darr
Douglas B. Mishkin, Esq.
Dr. Jan Orenstein
Dr. Lilien Robinson
Richard A. Weitzner, Esq.
Dr. Larry Williams

**Plaintiff Exhibit L**
5 pages

THE GEORGE WASHINGTON UNIVERSITY
WASHINGTON DC

**Via Courier and First Class Mail**

**March 1, 2007**

**Professor Debabrata Saha**
**9409 Fair Pine Lane**
**Great Falls, VA 22066**

**Dear Professor Saha:**

**I have been informed by President Stephen Joel Trachtenberg that Executive Vice President Donald Lehman recused himself from determining, under Section 7 of the Grievance Procedures, whether there are compelling reasons not to implement the Dispute Resolution Committee's decision to terminate your tenure for adequate cause. He has further informed me that Dean Frederick Lawrence, to whom that role was delegated, found no compelling reasons (as per the enclosed memorandum). Therefore, the decision will be implemented.**

**Your tenure, and your University faculty appointment, is terminated effective March 1, 2007.**

THE GEORGE WASHINGTON UNIVERSITY
WASHINGTON DC

DEPARTMENT OF ELECTRICAL AND COMPUTER ENGINEERING

Dr. Can E. Korman
Chair, Dept. of Electrical and Computer Engineering
The George Washington University
Washington, D.C. 20052

March 16, 2007

Dear Dr. Korman :

I think that information you provided in your letter of March 13, 2007 lacks merit of official notification of termination of appointment. Neither me nor my attorney received any official notification. Your suggestion is greatly premature and I decline to meet your demand without the due process a faculty member is entitled to.

Books, journals, notes and personal belongings in my office are very valuable to me and should not be displaced or disposed of *without my knowledge and without my presence*. I strongly urge that you maintain your patience till the matter is resolved. In this context, President Trachtenberg communicated to me that Executive Vice President Donald Lehman recused himself. I hope you will arrange new key(s) so that my faculty right is not violated and I may continue to use my office.

I would appreciate your attention to this matter at your earliest. A voice mail at 4-7175 as a preliminary response will be highly appreciated.

Sincerely,

Debabrata Saha

Debabrata Saha
Dept. of ECE

cc : Professor Lilien F. Robinson, Senate Executive Committee Chair
Dr. John F. Karl, Jr., Legal Counsel of Debabrata Saha

Enclosures : The letter dated March 13, 2007

THE GEORGE WASHINGTON UNIVERSITY
WASHINGTON DC

DEPARTMENT OF ELECTRICAL AND COMPUTER ENGINEERING

**Via Courier and First Class Mail**

March 13, 2007

Dr. Debabrata Saha
9409 Fair Pine Lane
Great Falls, VA 22066

Dear Dr. Saha:

I have been informed that your faculty appointment was terminated on March 1, 2007. Please contact Chandra Hopkins of the ECE Department at (202) 994-2152, by no later than March 20, 2007, to schedule a time to come and retrieve your personal belongings from the ECE Department Office.

Thank you.

Sincerely,

Can E. Korman
Chair

THE GEORGE
WASHINGTON
UNIVERSITY
WASHINGTON DC

THE PRESIDENT

December 28, 2006

Professor Debabrata Saha
9409 Fair Pine Lane
Great Falls, Virginia 22066

Via Courier

Dear Professor Saha:

I understand that on December 12, 2006, while I was out of the office on travel, you hand delivered a package for my attention. Upon my return, I had the package opened and was told that it contained two documents: a letter dated December 12, 2006 from you to me and a separate bound document dated December 12, 2006 captioned, "A Compelling Account: Flawed Deliberation of Schaffner Panel."

I have not read either document as I am told it would be inappropriate for me to do so. I am, therefore, on the advice of counsel, returning both documents to you.

On a related matter, you should know that Executive Vice President Donald Lehman requested that he be recused from his role contemplated under Section 7 of the Grievance Procedures, i.e., deciding whether "there are compelling reasons not to implement the relevant Committee's decision." I have accepted his request and have appointed Dean Frederick Lawrence of the Law School to serve in his place.

Sincerely,

Stephen Joel Trachtenberg
President

SJT/sk

Enclosures: 2 – as aforementioned

THE GEORGE WASHINGTON UNIVERSITY
WASHINGTON DC

EXECUTIVE VICE PRESIDENT FOR ACADEMIC AFFAIRS

November 18, 2005

Professor Debabrata Saha
9409 Fair Pine Lane
Great Falls, VA 22066

Dear Professor Saha:

Professor Korman informed me of your November 10, 2005 inquiry regarding your teaching status for the Spring 2006 semester. As I stated in my letter to you dated 29 August, as modified by my letter dated 3 October, you are on paid suspension until further notice.

If you have any questions, please feel free to call me.

Sincerely,

Donald R. Lehman

cc: Professor Korman

Plaintiff Exhibit M
3 pages

P R O C E E D I N G S

Whereupon,

STEVEN JOEL TRACHTENBERG,

was called as a witness and, after having been first duly sworn by the Notary Public, was examined and testified, as follows:

DIRECT EXAMINATION ON BEHALF OF PROF. SAHA

BY MR. KARL:

**Q. Good morning, are you aware of any of the prior testimony in this matter?**

A. No, sir.

**Q. Okay, you've never read any of the transcripts or anything?**

A. Didn't even know of their existence.

**Q. Did you see any of the documents relating to your meeting with Prof. Saha that you've produced?**

A. Yes.

**Q. Which ones did you see?**

A. I can't remember that, but it was some letters that I wrote him.

**Q. Anything else?**

A. No.

**Q. Did you see Prof. Saha's memorandum of his conversation with you in 1997?**

A. Yes.

**Q. Okay, did you have a similar memorandum of that conversation?**

A. No.

**Q. Do you have any records of your meeting with him in 1997?**

A. No.

**Q. Do you have any files separately dealing with Prof. Saha?**

A. No, not that I'm aware of anyhow.

**Q. Was there ever a request made to you in '96, '97 to revoke Prof. Saha's tenure?**

A. I don't recollect.

**Q. How about 1999?**

A. I don't recollect.

**Q. 2002?**

A. The problem is giving you a date.

Within memory, Vice President Lehman came to see me and said that there was an

initiative at the School of Engineering to revoke Prof. Saha's tenure.

**Q. And was this initiative on the part of faculty?**

A. I believe that's right.

**Q. When was this meeting?**

A. I can't recall.

MR. MISHKIN: I don't think we've heard anything about a meeting.

BY MR. KARL:

**Q. Okay, when was this communication?**

A. When?

**Q. Yes.**

A. I don't know.

**Q. This year?**

A. As I say, within memory, but I can't you a date.

**Q. Did do you think it was within the last year?**

A. It may well have been.

**Q. Could it have been the last six months?**

**The George Washington University**
**Attn : GWU President Steven Knapp**
2121 Eye Street, N.W., Washington, D.C. 20052


**Mona E. Zaghloul**
Dept. of Electrical and Computer Engineering
The George Washington University
801 22nd Street, N.W., Phillips Hall 620,
Washington, D.C. 20052


**Wasyl Wasylkiwskyj**
Dept. of Electrical and Computer Engineering
The George Washington University
801 22nd Street, N.W., Phillips Hall 615,
Washington, D.C. 20052


**Edward Della Torre**
Dept. of Electrical and Computer Engineering
The George Washington University
801 22nd Street, N.W., Phillips Hall 621,
Washington, D.C. 20052


**Joan Schaffner**
GWU Law School
2000 H. Street, N.W., Washington, D.C. 20052


**Stephen Joel Trachtenberg**
The George Washington University
805  21st Street, N.W., Suite 600
Washington, D.C. 20052

# United States District Court
# For The District of Columbia

---

**Debabrata Saha,**

**Plaintiff,**

**v.**

**Civil Action No. 1:08-cv-00087-RCL**

**The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg**

**Defendants.**

---

## ORDER

Upon consideration of Plaintiff's January 16, 2008 Complaint and Plaintiff's "Motion for entering Preliminary Injunction" dated February 27, 2008, it is hereby

**ORDERED** that Plaintiff's Motion for entering Preliminary Injunction is granted and the Defendant **George Washington University** immediately reinstate Plaintiff's salary retroactively effective March 1st, 2007 and restrain from making any attempt to stop paying salary to the Plaintiff till further order from the court.

**SO ORDERED**

________________________

Judge Royce C. Lamberth
United States District Judge
________, 2008