# United States District Court
# For The District of Columbia

---

Debabrata Saha,

    Plaintiff,

v.

The George Washington University,
Mona E. Zaghloul, Wasyl Wasylkiwskyj,
Edward Della Torre, Joan Schaffner, and
Stephen Joel Trachtenberg

    Defendants.

Civil Action No. 1:08-cv-00087-RCL

---

## Plaintiff's Opposition to "Defendants' Arguments Opposing Plaintiff's Motion for Preliminary Injunction Relief", dated 02/27/2008

Defendants made following four arguments :

I. SAHA CANNOT DEMONSTRATE "SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERIT"

II. SAHA CANNOT DEMONSTRATE THAT HE WILL SUFFER IRREPARABLE HARM ABSENT THE INJUNCTION

III. REQUIRING REINSTATEMENT OF SAHA'S SALARY WOULD HARM THE UNIVERSITY

IV. AN INJUNCTION IS NOT IN THE PUBLIC INTEREST

    Plaintiff already answered to Arguments I, II and III in his 31-page document he filed on 02/27/2008 which included three Affidavits, "Motion for entering Preliminary Injunction" and "Motion for Extension of time to reply opposing Defendants' February 20, 2008 motion to dismiss".

    Additionally, with respect to Argument I, Plaintiff hereby encloses Plaintiff Exhibit N which includes two letters from Saha's May 10, 2007 Response *"A Grievance"* : one from GW Counsel Mishkin which vigorously pleaded for stopping the Grievance Procedure, the second one from Saha as response

1

to Miskin's letter. **GWU faculty Senate discarded Mishkin's arguments ,and, on Jan.3rd, 2008 instituted a Formal Grievance Procedure against The George Washington University and its Execut. VP Donald R. Lehman (Refer to Plaintiff Exhibit K for details).** The Plaintiff believes that one of the main reasons that influenced GW Faculty Senate's decision is the issue of **Credibility** of VP Lehman and GWU Counsel Mr. Mishkin as narrated in the enclosed February 28, 2008 Declaration of the Plaintiff.

**Plaintiff's Answer to Argument IV** : Plaintiff believes that given the track record of lying and deception of VP Lehman and Counsel Mishkin (as illustrated in the Declaration), these two gentlemen are not qualified to make statement on or to be the watchdogs of Public Interests.

Respectfully submitted,

*Debabrata Saha*

Debabrata Saha
9409 Fairpine Lane
Great Falls, VA-22066
Ph : (703) 757-5418

February 28, 2008

# United States District Court
# For The District of Columbia

---

Debabrata Saha,

     Plaintiff,

v.

The George Washington University,
Mona E. Zaghloul, Wasyl Wasylkiwskyj,
Edward Della Torre, Joan Schaffner, and
Stephen Joel Trachtenberg

     Defendants.

Civil Action No. 1:08-cv-00087-RCL

---

### Declaration of Debabrata Saha

1. My Name is Debabrata Saha, and my address is 9409 Fairpine Lane, Great Falls, VA-22066.

2. I am competent to execute this declaration, which I do upon personal knowledge.

3. I am the Plaintiff in the Case : **Civil Action No. 1:08-cv-00087-RCL**

4. Based on my knowledge I do furnish the following :

## On the Credibility of Defendant Lehman and GW Counsel Mishkin

## Background :

After embarrassing, humiliating, and violating Civil Rights on Sept 1st and Sept. 2nd of 2005 (as complained by the Plaintiff), VP Lehman and Dean Tong of GWU initiated the process of revoking Plaintiff's tenure. This initiation led to a GW faculty Senate Hearing chaired by Prof. Joan Schaffner of GW Law School. Sub-sections A, B, C and D outlined below are derivatives of that hearing.

## A. Flip-flop : Credibility of VP Lehman and GW Counsel Mr. Mishkin

**Feb. 21, 2006 :**
In a written statement (GW Hearing Brief) dated Feb. 21, 2006 VP Lehman wrote :

3

#23.

On June 15, 2005, Professor Zaghloul, Korman and Wasylkiwskyj and Dean Tong met with me to present the unanimous resolution of the Personnel Committee that had been approved on May 2, 2005. That resolution found Professor Saha to have violated two provisions of the faculty code constituting revoking tenure for "adequate cause." **I was struck by the resoluteness of the Personnel Committee's action.**

### March 6, 2006 :

In the hearing, GW administration (Lehman, Tong and Zaghloul ) testified on the issue of May 2nd, 2005 meeting.

### March 9, 2006 :

On March 9, GW Counsel Douglas Mishkin, on the importance of May 2nd meeting, wrote :

> "As is evident from their written statements (as well as from Dean Tong's responses to Mr. Karl's questions), Executive Vice President Lehman and Dean Tong were and are satisfied that the May 2nd meeting of the Personnel Committee provided them with appropriate input from the Department in making their decision to file the complaint seeking the revocation of Professor Saha's tenure. Executive Vice President Lehman will re-affirm that sentiment if questioned about it by Mr. Karl."

### March 14, 2006 :

In the March 6 hearing, GW administration (Lehman, Tong and Zaghloul ) failed to provide evidence that Prof. Saha received the notice of May 2nd, 2005 meeting. On March 14, the panel deliberated and decided to strike the May 2nd, 2005 meeting and the vote of the faculty at that meeting from the record.

### March 20, 2006

VP Lehman testified on March 20 on the issue of May 2nd, 2005 meeting. His testimony is well summarized by Chair Schaffner in the following response to a question from Prof. Saha's counsel Karl:

**Hearing Chair Schaffner** : I think you (i.e. Karl) have already asked what the significance of the May 2nd meeting was, and I think he (i.e. Lehman) already testified that it wasn't in his belief, so I think that has been asked and answered. (ref. Transcript p-45, March 20, 2006).

The only conclusion one can draw from the above sequence of events is *that VP Lehman and Mr. Mishkin flip-flopped after the panel deliberated and decided to strike the May 2nd, 2005 meeting and the vote of the faculty at that meeting from the record.*

More irony is that Schaffner panel did not have any objection to such flip-flop though Chair Schaffner, on the Notice Issue, on March 6, went on to say : *"We understand that is perhaps more relevant to our considerations than sort of this just traditional notice ----if he (i.e. Plaintiff Saha) didn't have notice, he lacked due process, and therefore, we can't even really revoke tenure during this proceeding ------"* (Re. Transcript 03/06/2006 at p.396).

*Thus VP Lehman and Mr. Mishkin flip-flopped. Also, the hearing was initiated via a fraudulent process, because without the May 2nd meeting VP Lehman wouldn't have faculty input in his June 15 meeting, and wouldn't write June 27 & July 26 letter to Prof. Saha and wouldn't finally write Sept. 16, 2005 complaint for tenure revocation.*

## B. Falsification of Evidence by Mr. Mishkin (GWU)

GW Counsel Mr. Mishkin falsified a document which, in the assessment of GWU, was very important for making a decision towards revoking tenure of Prof. Saha.

The falsified document as well as the original will be made available upon request of the court.

## C. Credibility of Lehman :

- **June 27 & July 26, 2005 Letters :** During GW Faculty Senate Hearing, Lehman was extensively questioned on the issue of these two letters and Lehman confessed that he knew Prof. Saha did not receive those certified letters, and those two letters were found returned to GWU. Thus Lehman was

5

disingenuous in writing the August 29, 2005 suspension letter that led to tenure revocation hearing. Plaintiff Saha request the court to consider this evidence to asses the credibility of Defendant Lehman.

- **February 5, 1997 Letter** : Plaintiff asserts that upon request of the court, evidence will be introduced to establish that in the past, Lehman administration played foul with the delivery of February 5, 1997 suspension letter which lead to a false arrest in 1997.

## D. Fraudulent Hearing

- By allowing the deliberation, Schaffner Panel directly contradicted Schaffner's own Statement : *"--if he (i.e. Plaintiff Saha) didn't have notice, he lacked due process, and therefore, we can't even really revoke tenure during this proceeding ----"*
- Hearing was procedurally illegitimate not only because of "Lack of May 2nd, 2005 notice" issue but also due to Lehman's deceitful August 29, 2005 suspension letter which he wrote after knowing Prof. Saha did not receive his June 27 & July 26, 2005 letters.
- Any claim of Lehman and Tong that they did not resort to faculty input lacks merit as explained previously under "Flip-flop". Also President Trachtenberg on April 17, 2006 hearing contradicted Lehman's testimony. Trachtenberg said that Vice President Lehman told him there was an initiative on the part of the SEAS Faculty to revoke Professor Saha's tenure (Plaintiff Exhibit M: Transcript, pp.5-7, Hearing April 17, 2006)

*The Plaintiff argues that Defendants (GWU) initiated the faculty hearing through a fraudulent process, rigged the outcome of the panel deliberation against the Plaintiff and used that deliberation to stop Plaintiff's pay cheque effective March 1st, 2007.*

I do hereby state to my knowledge, information and belief that the above mentioned statements are true and correct.

*Debabrata Saha*
Debabrata Saha
Date : Feb. 28, 2008

# United States District Court
# For The District of Columbia

---

**Debabrata Saha,**

    **Plaintiff,**

v.

**The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg**

    **Defendants.**

**Civil Action No. 1:08-cv-00087-RCL**

---

## Certificate of Service

    I hereby certify that a copy of this whole packet, dated February 28, 2008 is sent to each of the six Defendants to their respective address as mentioned in the attached sheet by first class mail.

Sincerely,

*/s/ Debabrata Saha*

Debabrata Saha
February 28, 2008

**The George Washington University**
**Attn : GWU President Steven Knapp**
2121 Eye Street, N.W., Washington, D.C. 20052


**Mona E. Zaghloul**
Dept. of Electrical and Computer Engineering
The George Washington University
801 22nd Street, N.W., Phillips Hall 620,
Washington, D.C. 20052


**Wasyl Wasylkiwskyj**
Dept. of Electrical and Computer Engineering
The George Washington University
801 22nd Street, N.W., Phillips Hall 615,
Washington, D.C. 20052


**Edward Della Torre**
Dept. of Electrical and Computer Engineering
The George Washington University
801 22nd Street, N.W., Phillips Hall 621,
Washington, D.C. 20052


**Joan Schaffner**
GWU Law School
2000 H. Street, N.W., Washington, D.C. 20052


**Stephen Joel Trachtenberg**
The George Washington University
805 21st Street, N.W., Suite 600
Washington, D.C. 20052

# *A Grievance*

Plaintiff Exhibit N
5 pages

*against*

**Execut. VP Don Lehman,
Dean Timothy Tong, School of Eng. and Applied Sci.
and
The George Washington University**

*by*

**Professor Debabrata Saha
The George Washington University
801 22nd Street, N.W.
Washington, D.C. 20052
U.S.A.
Response : May 10, 2007**

**Debabrata Saha**
9409 Fairpine Lane
Great Falls, Viginia 22066, U.S.A.
(703)757-5418

Professor Kurt Darr
Chair, Dispute Resolution Committee
The George Washington University
2175 K Street, N.W., Suite 820
Washington, D.C. 20037

May 10, 2007

**Re. : Grievance Dated December 06, 2005**

Dear Professor Darr :

Enclosed is my response to your letter dated April 26, 2007. This response first addresses the April 17, 2007 letter of GWU counsel, Mr. Mishkin. It then explains with specificity (a) how the issues of the grievance (Appendix I) are different from what the Senate panel chose to deliberate on, (b) what evidence were barred or overlooked or not produced for examination, and why the grievance must go forward. At the outset, it should be noted that the conduct of the Schaffner panel itself was a cause for continued grievance during hearing and only strengthened the original grievance even further.

The following are some emphasis of the response :

(1) Without any notification, GWU unlawfully stopped pay cheque of Prof. Saha retroactively effective March 1st, 2007. This only demonstrates the act of continued malice and amends the original grievance.

(2) Without any resolution to the Appeal or any notification of termination of appointment from President Trachtenberg, the tenure revocation process fell short of completion.

(3) Denial of entry to the ECE office by changing the lock is an act of harassment and denial of faculty rights that further enhances the original grievance. On May 7, 2007 Prof. Saha found a number of boxes left unattended at the door step of his residence; please refer to Appendix A for the May 7th event.

(4) The broad issues of the original grievance (without the aforementioned amendments) were neither addressed nor deliberated on. The Senate panel, as it clearly mentioned in its summary, chose to deliberate on a grievance brought by GWU ( not by Prof. Saha). It should be noted that just a few days before writing April 17 letter, Mr. Mishkin included **TWENTY New Names** (who did not participate in the hearing) in GWU's list of Individuals with Discoverable Information under F.R.C.P. 26(a)(1)(A); this is in connection with the litigation against Lehman & GWU that addresses only part of the Grievance. *This certainly confirms that not all the evidence were heard or presented even from GWU side.*

In addition, Prof. Saha will present evidence that were barred, overlooked, or missed because of narrow scope of the panel hearing. Evidence will be introduced to prove misleads and perjury by high ranking GWU officials and GWU lawyer Mr. Mishkin. Prof. Saha also requests the Grievance Committee to adopt strict enforcement on GWU in submitting evidence as requested by the committee. In the last hearing, GWU insisted on being deaf to such requests. In particular, Grievance Committee should enforce **VP Lehman to produce his October 30, 1997 letter** which he used in his complaint for tenure revocation.

1

The Schaffner panel and the Lehman administration went beyond its scope of investigation to tarnish my research which were not even addressed in the original complaint (Appendix J). Hearing transcript confirms that the panel denied Prof. Saha the opportunity to elaborate on his research. I, therefore, suggest that the Grievance Committee enforces **the Intellectual Stalwart of the George Washington University** to qualify his position on Prof. Saha's research on Information Theory and Physics.

The procedural misconduct of the Schaffner panel is so **abominable** that it is not acceptable by any standard in any part of the civilized world. This response together with the enclosed companion academic paper *"A Compelling Account : Flawed Deliberation of Schaffner Panel"*, dated December 12, 2006 addresses this aspect in greater detail.

Again, I suggest that Grievance must go forward with the aforementioned amendments.

Thank you for your attention.

Regards.

*Debabrata Saha*

Debabrata Saha
Home Phone : 703-757-5418

cc :   Prof. Lilien F. Robinson, Chair of Senate Executive Committee
       Mr. Douglas Mishkin, GWU Counsel

Appendix H

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

April 17, 2007

Douglas B. Mishkin
202-457-6020
dmishkin@pattonboggs.com

Professor Kurt Darr
Chair, Faculty Senate Dispute Resolution Committee
The George Washington University
Health Services Management
2175 K Street, NW, Suite 700
Washington, DC 20052

Re: Grievance Filed By Debabrata Saha on December 6, 2005

Dear Professor Darr:

As you know, this firm represents The George Washington University (the "University") regarding various matters involving Dr. Debabrata Saha. By this letter, the University respectfully requests that the Dispute Resolution Committee of the Faculty Senate (the "Committee") dismiss the pending grievance filed by Dr. Saha (the "Grievance"). The Grievance was filed on December 6, 2005, almost three months after the University filed its complaint seeking the revocation of his tenure (the "Complaint"). The Committee has held the Grievance in abeyance pending the final resolution of the Complaint. As noted below, there has been such a final resolution.

Dr. Saha makes two arguments in his Grievance. The first is that the University retaliated against him for his role as a "whistleblower" in what he describes as the May 1996 "grading scandal" (when he withheld the blue books of 26 students for two months). Dr. Saha made the same contention through the proceedings before the Hearing Committee that initially heard the Complaint (the "Hearing Committee"). See Opening Statement of Saha Attorney John Karl, Esq., January 30, 2006 Tr. 25:1 to 26:4 ("...there's a fundamental issue here of academic freedom, and you will hear testimony about a 1996 grading scandal....[W]hat the evidence will show is that Professor Zaghloul's motivation was to settle an old score when she became acting chair [in 2005]") and Tr. 36:4-10 ("...was not Professor Saha exercising his academic freedom and wasn't he a whistleblower, in the context of the 1996 scandal, and should the animosity that was created by the scandal be allowed to lead to a series of events that would cause him to be deprived of his tenure."); Amended Answer pp. 2-4, "The 1996 Grading Scandal;" Statement of Debabrata Saha, pp.



Professor Kurt Darr
April 17, 2007
Page 2

1-4, "1996;" Saha Testimony April 3, 2006 Tr. 108:5 to 172:3; Post-Hearing Brief of Debabrata Saha, pp. 16-18. The Hearing Committee referenced this issue in its decision of July 24, 2006, affirmed by the Committee on December 4, 2006. There is no need to rehash this argument in another grievance proceeding. Furthermore, Dr. Saha did not file a grievance about these matters in 1996, or when he was suspended and reinstated in 1997, or when he was suspended and reinstated in 1999.

Dr. Saha's second argument in his Grievance concerns his fourth and final suspension in August 2005. But Dr. Saha also addressed this sequence of events before the Hearing Committee. See Amended Answer at ¶ 61; Post-Hearing Brief of Debabrata Saha at pp. 37-38; Opening Statement of Saha Attorney John Karl, Esq., January 30, 2006 Tr. 32:8-12 and 36:11 to 37:14.

You responded to the Grievance in a December 8, 2005 email to Dr. Saha: "It is my decision to hold your grievance in abeyance until the current hearing process is complete." As you know, that process culminated in a unanimous decision of the Hearing Committee that the University had demonstrated clear and convincing evidence of adequate cause for tenure revocation, followed by a unanimous decision of the Dispute Resolution Committee affirming that decision. Thereafter, the University Administration, having found no compelling reasons not to implement the decision of the Committee pursuant to Section E.7. of the Grievance Procedures, notified Dr. Saha, in a letter dated March 1, 2007, that his tenure had been revoked and his employment terminated.

As the preceding summary of events reflects, no purpose will be served by conducting additional proceedings in response to the pending Grievance. Accordingly, the University requests that the Dispute Resolution Committee dismiss Dr. Saha's pending Grievance without further proceedings.

Thank you for your attention.

Yours truly,

Douglas R. Mishkin

cc:    John F. Karl, Esq.