# United States District Court
# For The District of Columbia

---

**Debabrata Saha,**

    **Plaintiff,**

v.

**The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg**

    **Defendants.**

**Civil Action No. 1:08-cv-00087-RCL**

---

## Motion for Hearing Date on Preliminary Injunction :

- Plaintiff Debabrata Saha on January 16, 2008 brought a motion for **Preliminary Injunction** ordering GWU to reinstate Plaintiff's salary immediately and retroactively effective March 1st, 2007 and to restrain from making any attempt to stop paying salary to the Plaintiff until further order from the court (Docket # 3).

- Affidavits in Docket 5, 6 and Docket 7 confirm that <u>INDEED</u> the Defendants were served the motion for Preliminary Injunction, dated Jan. 16, 2008 on Jan. 31st and Feb.2nd respectively. Rule LCvR65.1(c) mandates "The opposition shall be served and filed within five days after service of the application for preliminary injunction, ....". Five days had long been gone since Feb. 2nd, and, therefore, Defendants' oppositions (after 25 days from Feb. 2nd) on Feb.27, 2008 (Docket # 14) has no legal merit.

- Plaintiff pleaded for entering **Preliminary Injunction** on Feb. 27, 2008 (Docket # 16) with following three Affidavits as supporting documents:

    Affidavit #1 : on my contractual status with GWU
    Affidavit #2 : on GWU's failure to follow faculty code which is a part of binding contract of employment
    Affidavit #3 : On financial strangulation by GWU after Plaintiff Saha's 1996 whistle blowing

    Another relevant document is <u>Declaration of Debabrata Saha</u> On the Credibility of GW VP Lehman and GW Counsel Mishkin, dated Feb 28, 2008 (Docket # 17)

RECEIVED
MAR 1 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

It should be noted that Rule LCvR65.1(d) suggests "a hearing on an application for Preliminary Injunction shall be set by the court no later than 20 days after its filing"; the date of filing in the present case is Jan. 16, 2008 and the relevant "statement of facts which make expedition essential" (as required by the rule) is Affidavit #3 mentioned above.

**Plaintiff, therefore, respectfully requests the Court for entering Preliminary Injunction or, in case of court's inclination towards a hearing, requests for setting a date for hearing as early as possible for the court.**

Respectfully submitted,

*Debabrata Saha*

Debabrata Saha
9409 Fairpine Lane
Great Falls, VA-22066
Ph : (703) 757-5418

March 10, 2008

# United States District Court
# For The District of Columbia

---

**Debabrata Saha,**

    **Plaintiff,**

v.

**The George Washington University,
Mona E. Zaghloul, Wasyl Wasylkiwskyj,
Edward Della Torre, Joan Schaffner, and
Stephen Joel Trachtenberg**

    **Defendants.**

---

**Civil Action No. 1:08-cv-00087-RCL**


### Certificate of Service

    I hereby certify that a copy of this whole packet, dated March 10, 2008 is sent to the Counsel of six Defendants by first class mail to the following address.

                        Patton Boggs LLP
                        2550 M Street, N.W.
                        Washington, D.C. 20037-1350

Sincerely,

*Debabrata Saha*

Debabrata Saha
March 10, 2008

# United States District Court
# For The District of Columbia

---

Debabrata Saha,

    Plaintiff,

v.

The George Washington University, Mona E. Zaghloul, Wasyl Wasylkiwskyj, Edward Della Torre, Joan Schaffner, and Stephen Joel Trachtenberg

    Defendants.

Civil Action No. 1:08-cv-00087-RCL

---

## ORDER

THIS MATTER came on to be heard upon Plaintiff's Motion for a Preliminary Injunction to enjoin Defendant, George Washington University from withholding his salary during the pendency of this action.

THIS MATTER ALSO CAME ON THE HEARD on Plaintiff's affidavits (Docket 16) and Plaintiff's Declaration (Docket 17), all submitted in support of Plaintiff's Motion for a Preliminary Injunction.

IT APPEARING THAT good cause having been shown for granting the motion for Preliminary Injunction and it further appearing that Plaintiff will be harmed more by the denial of the motion than Defendant, George Washington University, will be harmed by granting the motion, in particular, it appearing that during the pendency of this suit Plaintiff states he is willing to provide service to the University with the full teaching load,

IT IS ORDERED that George Washington University is enjoined from withholding Plaintiff's regular salary payable on its normal pay dates, until trial of this case on the merits or until further order of this Court.

---

Judge Royce C. Lamberth
United States District Judge
_____, 2008