IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEBABRATA SAHA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-087 (RCL) |
| GEORGE WASHINGTON UNIVERSITY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on plaintiff's Motion [3] for Preliminary Injunction Restraining the George Washington University from Refusing to Pay Salary to the Plaintiff. Upon consideration of the plaintiff's motion, the opposition filed thereto, the applicable law and the record herein, the motion shall be DENIED.[1]

## I. BACKGROUND

Plaintiff is a former tenured professor of George Washington University (hereinafter "University"). The University revoked plaintiff's tenure and terminated his employment effective March 1, 2007. (*See* Marshall Decl. 1.) Plaintiff claims that he will be irreparably harmed if his salary is not reinstated and therefore seeks a preliminary injunction ordering the University to resume paying his salary retroactive to March 1, 2007. (Pl.'s Mot. Prelim. Inj. 3.)

---

[1] Plaintiff filed his Motion [3] for Preliminary Injunction on January 16, 2008. Since then, plaintiff has filed three additional motions [4, 8, and 16] for preliminary injunction. The subsequently filed motions [4 and 8] raise no new claims for relief, but merely ask this Court to grant plaintiff's initial motion [3]. For the same reasons stated herein, plaintiff's motions [4 and 8] for preliminary injunction shall be denied. Plaintiff's Motion [16] for Preliminary Injunction is not addressed in this decision, and therefore remains pending.

## II. DISCUSSION

This court may issue interim injunctive relief only when the movant demonstrates: (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)).

A.   **Likelihood of Success**

The central argument in plaintiff's motion for preliminary injunction is that the University's process for revoking plaintiff's tenure was both fraudulent and incomplete. (*See* Pl.'s Mot. Prelim. Inj. 2.) Plaintiff has failed, however, to produce evidence to support his claims. When moving the court for a preliminary injunction, plaintiffs bear the burdens of production and persuasion. *See Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). Plaintiff has not provided the Court with the University's Faculty Code or any other documentary evidence showing that his tenure revocation and termination were in violation of University procedures. Likewise, plaintiff has failed to produce sufficient evidence showing fraud in the University's tenure revocation process. For instance, plaintiff claims that a November 2005 letter from the University stating that he was on paid suspension until further notice demonstrates his entitlement to continued pay. (*See* Pl.'s Mot. Prelim. Inj. 2.) Plaintiff provides no evidence, however, to show that the University's subsequent revocation of his tenure and termination of his employment are ineffective. Given the lack of affidavits, testimony, or other credible evidence to

support plaintiff's motion for preliminary injunction, this Court finds that plaintiff has no chance of success on the merits.

**B.    Irreparable Injury**

Plaintiff's Motion for Preliminary Injunction seeks only monetary relief in the form of reinstatement of his salary. Plaintiff's claim of irreparable injury is premised entirely on the financial hardship suffered as a result of the University's decision to discontinue his pay. (*See* Pl.'s Mot. Prelim. Inj. 3.) The Supreme Court has determined that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Further, the law of this Circuit clearly weighs against a claim of irreparable harm where, as here, loss of income is the only alleged injury. *See Davenport v. Int'l Bhd. of Teamsters*, *AFL-CIO*, 166 F.3d 356, 367 (D.C. Cir. 1999) (finding that an injury is not irreparable if it can be remedied by money damages); *Farris v.* Rice, 453 F. Supp. 2d 76, 79 (D.D.C. 2006) (finding that mere loss of job and salary is insufficient to establish irreparable injury); *Int'l Ass'n of Machinists & Aero. Workers v. 2 Nat'l Mediation Bd.*, 374 F. Supp. 2d 135, 142 (D.D.C. 2005) (finding that "a loss income does not constitute irreparable injury because the financial loss can be remedied with money damages") (citation omitted). Moreover, the possibility that adequate compensatory or other corrective relief will be available if plaintiff ultimately prevails on the merits, weighs heavily against a claim of irreparable harm. *See Sampson*, 415 U.S. at 90.

**C.    Balancing Against Remaining Factors**

Plaintiff has not shown a likelihood of success on the merits or that he will suffer irreparable harm without the injunction. As such, the Court need not discuss the remaining

factors in great detail. As for harm to the University, an injunction requiring the University to reinstate plaintiff's salary retroactive to March 1, 2007, sends a message to the University community that a professor whose tenure was revoked for persistent neglect of his responsibilities can receive retroactive and continued payment simply by filing suit. While this concern might not necessarily lead to *substantial* harm to the University, this factor balanced against plaintiff's failure to show irreparable harm weighs against the injunction. Further, given that plaintiff has no likelihood of success, it does not serve the public interest for this Court to allow a likely unsuccessful plaintiff to continue to draw a salary while not working.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

ORDERED that plaintiff's Motion [3] for Preliminary Injunction is DENIED; it is further

ORDERED that plaintiff's subsequent motions [4] and [8] for a preliminary injunction are DENIED; it is further

ORDERED that plaintiff's Motion [11] for Judgment in Favor of Plaintiff is DENIED; it is further

ORDERED that plaintiff's Motion [20] for Hearing Date on Preliminary Injunction is DENIED.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, on March 12, 2008.