UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DEBABRATA SAHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-087 (RCL) |
| | ) | |
| GEORGE WASHINGTON UNIVERSITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Presently before the Court is defendant George Washington University's ("GW's") Motion [37] for Summary Judgment. For the reasons below, the Court shall grant GW's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was a tenured faculty member at GW. In September 2005, two GW administrators filed a three-page complaint with the Faculty Senate Dispute Resolution Committee seeking the revocation of plaintiff's tenure. (Mot. Ex. A.) The complaint made reference to a suspension of plaintiff in October 1997 and an October 30, 1997 letter sent by GW Vice President Donald Lehman to plaintiff. (*Id.* at 2.) The complaint was followed by a seventeen-page "Supplemental Statement of Misconduct," which made no mention of an October 1997 suspension or letter. (Mot. Ex. C.) After a series of hearings, the Faculty Senate Dispute Resolution Committee's Hearing Panel ("the Panel") released its decision in July 2006. (Mot.

Ex. E.)  The Panel found that "the University demonstrated by clear and convincing evidence that [plaintiff] persistently neglected his professional responsibilities and thus ha[d] proven adequate cause for tenure revocation."  (*Id.* Ex. E at 13.)  The Panel noted that its decision was based on plaintiff's actions after April 1999.  (*Id.* Ex. E at 2.)  Plaintiff appealed this decision, and it was upheld on appeal.  (*Id.* Ex. F.)

Following his tenure revocation, plaintiff sued GW and several GW administrators alleging twenty-eight counts of breach of contract.  Upon defendants' Motion [9] to Dismiss, this Court dismissed almost all of plaintiff's allegations for failure to state a claim.  (Order [33].)  The sole remaining allegation against GW, Count 18(c), alleges that GW violated the Faculty Code by not allowing plaintiff to access the October 30, 1997 letter mentioned in the complaint.  GW now moves for summary judgment on this remaining allegation.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of production as to the absence of genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A genuine issue of material fact exists if the evidence, viewed in the light most favorable to the nonmoving party, "is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  But a genuine issue requires more than "a scintilla of evidence" supporting the nonmoving party; "there must be evidence on which the jury

could reasonably find" for the nonmoving party. *Id.* at 252. Because plaintiff is proceeding pro se, his filings will be liberally construed. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

### III. ANALYSIS

The Court must grant GW's motion because the October 30, 1997 letter, even if it does exist, is not material to the issue of whether GW breached the Faculty Code.

The GW Faculty Code (specifically its "Procedures for Implementation") outlines the required elements of the Panel's judicial process. Specifically, it mandates that "[a] party shall be entitled to inspect and copy, in advance of the hearing, all relevant documents in control of the other party and not privileged and may offer such documents or excerpts therefrom in evidence." (Mot. Ex. H at 4 (Faculty Code Procedures E(4)(c)(3)).) Again, plaintiff alleges that the October 30, 1997 letter was withheld from him in violation of this provision.

There remains a genuine issue of fact as to whether that letter ever existed. GW has submitted a declaration claiming that it does not exist and that the complaint should have instead referenced an *April* 1997 suspension and an *April* 30, 1997 letter. (Mot. Ex. "D. Lehman Decl.").) Plaintiff declares that the October 1997 letter does exist. (Def.'s Opp'n at 5).[1]

However, the October 1997 letter, even if it did exist, does not fall within the Faculty Code's requirement because it was not relevant to plaintiff's tenure revocation. First, although the letter was mentioned (perhaps erroneously) in GW's original three-page complaint, it was not mentioned in the more substantial seventeen-page "Supplemental Statement of Misconduct"

---

[1]Defendant captions his entire Opposition as a "Declaration under penalty of perjury." (Opp'n at 2.) In construing plaintiff's *pro se* filing liberally, the Court considers plaintiff's statements on page 5 to be a declaration that the October 30, 1997 letter exists.

(which dealt primarily with post-1999 events). (Mot. Ex. C.) This alone suggests that any 1997 letter was not "relevant" to the overall tenure revocation process within the meaning of the Faculty Code.

The Panel's own language is also telling. The Panel clearly indicated that its decision to revoke plaintiff's tenure was based only on events *after* plaintiff's April 1999 reinstatement for a separate suspension:

> This Panel views [plaintiff's April 1999 reinstatement] as a new beginning, an opportunity for [plaintiff] to reintegrate into the department and a willingness on the part of the University for [plaintiff] to reintegrate. . . . Thus, this Panel bases its decision regarding tenure revocation on [plaintiff's] conduct following the April 1999 [reinstatement].

(Mot. Ex. E at 2.) The Panel reiterates later in the decision:

> The pre-1999 events (specifically the events of 1996-97) obviously affected [plaintiff] dramatically and perhaps rightfully so. This Panel does not hold his conduct during that trying time against him.

(*Id.* at 9.)

In light of GW's overall allegations against plaintiff and the actual language of the Panel decision, it cannot fairly be said that the October 30, 1997 letter—assuming that does exist—falls within the Faculty Code's requirement that GW release all documents "relevant" to plaintiff's tenure revocation. As a result, the factual issue of whether the letter exists is not material to the resolution of plaintiff's action. Because plaintiff does not allege that any other documents were withheld from him, GW is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the Court shall enter summary judgment in favor of GW. A

separate order shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on January 28, 2009.